UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BENNETTE ) | Case No. 09 CIV 5590 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | COMPLAINT |
| ) | |
| GC SERVICES LP ) | Jury Trial Demanded |
| Defendant. ) | |
| ) | |

PLAINTIFF, BARBARA BENNETTE ("Plaintiff"), by and through the undersigned attorney, files this Complaint against DEFENDANT, GC SERVICES LP ("Defendant"), and alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the following provisions, resulting from abusive behavior against Plaintiff in the course of Defendant's attempt to collect a debt:

   (1) The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. The FDCPA claim arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3. Plaintiff, BARBARA BENNETTE ("Plaintiff"), is a natural person residing in Bethel, Connecticut.

4. Defendant, GC SERVICES LP, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant contacted Plaintiff by telephone in an attempt to collect an alleged outstanding debt. During that telephone conversation, Defendant performed the following acts, which amount to violations under various federal and state laws:

   a) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff, i.e. Defendant repeatedly contacting Plaintiff's 80 year-old mother in attempts to obtain Plaintiff's location information and using alarming language to frighten

and confuse Plaintiff's mother into complying with Defendant's requests (§ 1692b(3) & § 1692c(b));

b) Repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§ 1692c(a)(1)(3));

c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

d) In connection with collection of a debt, using language the natural consequence of which was to abuse Plaintiff, i.e.: Defendant berating Plaintiff and calling her a liar when she answered her cell phone during working hours stating, "I thought you're not allowed to take personal calls while at work! You're a liar!" Plaintiff then explained that she has cell phone available in case her elderly mother might call her with a medical emergency and Defendant shouted, "Your sick 80-year old mother is not your problem! Your problem is that you need to pay your overdue student loan!" Plaintiff explained that she was on a fixed budget and was also trying to refinance her mortgage to possibly free up some money, but until then, she was unable to pay and Defendant shouted, "Your adjustable rate mortgage is not your problem! Your problem is that you need to pay your overdue student loan!" Plaintiff discussed some of her day-to-day living expenses, which include her college aged son. Hearing this, Defendant shouted, "How old is he!? You need to start charging him some rent so

you can pay your bills! Your son is not your problem! Your problem is that you need to pay your overdue student loan!" (§ 1692d(2));

e) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages within 48 hours, where such action is not lawful or Defendant did not intend to take such action (§ 1692e(4));

f) Falsely representing to Plaintiff that Defendant is vouched for, bonded by, or affiliated with the United States or any State, including Defendant's agents, stating to the Plaintiff that they work for Federal Government when, in fact, they are not government officials or employees but work for a collection agency (§ 1692e(1));

g) Falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendant failing to provide Plaintiff with any documentation whatsoever to substantiate the grossly inflated amounts sought by the Defendant, despite the Plaintiff's repeated requests for validation of the alleged debt (§ 1692e(2)(A));

h) Falsely representing the character, amount, or legal status of Plaintiff's debt, including Defendant stating to Plaintiff that she could not legally contest the amount of the debt whatsoever or the payment demands made by the Defendant, stating that Plaintiff couldn't file an appeal and was locked into a garnishment, despite the contrary policies cited in writing by the U.S. Department of Education regarding their 30-day policy to

        challenge any amount sought under the loan after having been provided validation of the debt (§ 1692e(2)(A));

    i) Falsely representing or implying that Defendant operates or is employed by a consumer reporting agency as defined by 15 USC § 1681a, i.e. Defendant's agents stating to Plaintiff that they have accessed her credit report (without Plaintiff's express or implied authorization) and noticed that she seems to be paying most of her bills on time (§ 1692e(16));

    j) Communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt (§ 1692c(c)); and

    k) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, advising Plaintiff of her right to dispute any portion of the debt within the required statutory period (§ 1692g(a)).

9. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

10. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

11. Defendant's action, detailed above, was undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

12. Defendant's actions, detailed above, constituted an extraordinary transgression of the bounds of socially tolerable conduct

13. To the extent Defendant's actions, detailed above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,
E. For such other and further relief as may be just and proper.

This 3rd day of June, 2009.

ATTORNEYS FOR PLAINTFF
*BARBARA BENNETTE*

Respectfully submitted,

Dennis R. Kurz
NY Bar No. 4570453
***Kurz & Fortas, LLC***
Attorneys for Plaintiff
80 Broad Street, 5th Floor
New York, NY 10004
(404) 856-3888
(404) 856-3892 (fax)
dkurz@kurzandfortas.com

*PLEASE SEND ALL CORRESPONDENCE TO:*

Dennis R. Kurz
Kurz & Fortas, LLC
1932 North Druid Hills Road, Suite 200
Atlanta, Georgia 30319